UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>OMAR NAVARRO; et al.,<br><br>Defendants. | Case No.:  25-cv-2432-BJC-GC<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**(2) DISMISSING THE COMPLAINT WITHOUT PREJUDICE**<br><br>**[ECF No. 1, 2]** |

Plaintiff, proceeding *pro se*, field this complaint, ECF No. 1, along with an application to proceed *in forma pauperis* ("IFP"). ECF No 2.  For the reasons stated below, Plaintiff's application to proceed IFP is **GRANTED**, and the complaint is **DISMISSED** without prejudice.

## I.    MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to

1

prepay the entire fee only if he or she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he or she is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

Here, Plaintiff states that he is currently unemployed and reports that his sole monthly income consists of $220 in cash assistance and $200 in food stamps from state welfare. ECF No. 2 at 1. He further represents that his monthly expenses include approximately $100 for transportation and $400 for food. *Id.* Plaintiff also indicates that he carries student loan debt totaling $60,000. *Id.* at 2. Based on the information provided, the Court finds that Plaintiff is unable to pay the required filing fee. Accordingly, Plaintiff's Motion to Proceed IFP is **GRANTED**.

## II.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). Accordingly, in light of the Court's grant of IFP status to Plaintiff, it must conduct a mandatory screening.

Section 1915(e)(2)(B) also authorizes dismissal of claims that are frivolous, including those that merely repeat pending or previously litigated matters. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). This reflects Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or

25-cv-2432-BJC-GC

repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 30 (1992) (quotation omitted).

Here, Plaintiff's Complaint is frivolous because it duplicates claims previously litigated in this Court. *See Williams v. Navarro*, 2018 WL 5112218 (S.D. Cal. Oct. 19, 2018). On August 23, 2018, while incarcerated, Plaintiff filed the same Complaint in this Court. *Compare* ECF No. 1 at 5–15, *with* Complaint at 4-14, *Williams v. Navarro*, No. 3:18-cv-1964 (S.D. Cal. August 23, 2018). The Court denied Plaintiff's motion to proceed IFP and dismissed that action without prejudice, further certifying that any appeal would be frivolous and not taken in good faith under 28 U.S.C. § 1915(a)(3). The Ninth Circuit affirmed, expressly concluding that "this appeal is frivolous." *Williams v. Navarro*, 2021 WL 359998 (9th Cir. Jan. 13, 2021). Despite those rulings, Plaintiff has now refiled the same Complaint, copying it verbatim from the prior action. Because the instant pleading merely repeats previously litigated claims, it is dismissed as frivolous under § 1915(e)(2)(B).

## III.    CONCLUSION

**Based on the foregoing, IT IS HEREBY ORDERED:**

1. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. ECF No. 1.

2. The Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief can be granted. ECF No. 2. Plaintiff is granted leave to file an amended complaint **on or before June 6, 2026**.

3. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

Dated:  May 6, 2026

Bryan Cheeks

Honorable Benjamin J. Cheeks
United States District Judge

3

25-cv-2432-BJC-GC